UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEREK STOCKWELL,<br>     Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:16cv1476(VLB) |
| WARDEN SANTIAGO, ET AL.,<br>     Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Derek Stockwell, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a civil rights action against Warden Antonio Santiago, Lieutenants Halloran and Champion, Correctional Officers King, Sweets and Jordan and Correctional Nurse Jane Doe as defendants. For the reasons set forth below, the complaint will be dismissed in part.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff claims that in late August 2015, he began to experience breathing problems. Medical personnel diagnosed him as suffering from asthma and prescribed a steroid medication, an allergy medication, and a nebulizer breathing treatment.

On September 7, 2015, at Corrigan Correctional Institution, the plaintiff experienced difficulty breathing. The plaintiff informed Officer Jordan of his medical issue and asked to be sent to the medical department. Officer Jordan eventually called the medical unit and medical staff directed Jordan to send the plaintiff down to the medical unit.

Nurse Jane Doe examined the plaintiff and called Dr. Figura regarding the plaintiff's symptoms. Dr. Figura directed the nurse to admit the plaintiff to the medical unit and to provide him with a nebulizer breathing treatment. As the

nurse was setting up the nebulizer treatment in a room within the medical department, the door to the room opened and the nurse left without saying a word.  Lieutenants Halloran and Champion and approximately ten correctional officers entered the room, ordered the plaintiff to put his hands on the wall and informed the plaintiff that they would be escorting him to segregation because of a threat he had made to another person.

Before escorting the plaintiff to segregation, the officers and Lieutenants began to strip search the plaintiff.  As soon as the plaintiff removed his shirt, Lieutenant Halloran sprayed him in the face with a chemical agent.  The defendants directed the plaintiff to face the wall and be quiet.  Lieutenant Halloran sprayed the plaintiff again with a chemical agent and Officer Sweets twisted and wrenched the plaintiff's handcuffed right wrist.  The plaintiff heard a popping noise in his wrist and felt a sharp pain shooting up his arm.  When the plaintiff cried out in pain, Office Sweets wrenched his wrist further and Lieutenant Halloran sprayed the plaintiff with a chemical agent.

Officers escorted the plaintiff from the medical unit to the segregation unit. The plaintiff requested medical attention for his breathing difficulties and the injury to his right wrist.  Nurse Jane Doe refused to treat either of the plaintiff's medical conditions.

A nurse brought the plaintiff an inhaler after he had been confined in a cell in the segregation unit for six hours.  The nurse refused to document the injury to

the plaintiff's right wrist.  Later that evening, an officer delivered two disciplinary reports to the plaintiff.

The following morning, a nurse noticed the injury to the plaintiff's right wrist and directed an officer to bring the plaintiff to the medical department.  The nurse examined the plaintiff and secured authorization to send the plaintiff to an outside hospital for treatment.  At the hospital, an x-ray of the right wrist revealed a grade one sprain, torn ligaments and nerve damage.  After treating the injuries, medical staff at the hospital directed correctional staff to return the plaintiff to Corrigan.

On or about September 9, 2015, the plaintiff sent a request to Warden Santiago to investigate the use of force by Lieutenant Halloran and Officer Sweets on September 7, 2015.  On that same date, a disciplinary investigator informed the plaintiff that there was no support for the disciplinary infraction for threats and dismissed the infraction.  The investigator indicated that the infraction for flagrant disobedience that had been issued by Lieutenant Halloran could not be dismissed.  She recommended that the plaintiff plead guilty so that he could begin to undergo the breathing treatments that medical staff had prescribed for him.  The plaintiff agreed to plead guilty to the infraction, although he did not think he was guilty.  A disciplinary hearing officer imposed sanctions of seven days in segregation, thirty days loss of visitation and thirty days loss of recreation.  The plaintiff did not receive treatment for his breathing problems until September 15, 2015.

The plaintiff attempted to file grievances regarding the events that took place on September 7, 2015. Grievance Coordinator King refused to process the grievances and returned them without disposition. After the third grievance had been returned without disposition, Grievance Coordinator King informed the plaintiff that it was too late to submit a new grievance that complied with the Administrative Directives governing the filing of grievances.

I.  Official Capacity Claims

For relief, the plaintiff seeks monetary damages as well as declaratory relief. To the extent the plaintiff seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

II.  Official Capacity Claims – Declaratory Relief

The plaintiff asks the court to declare that the conduct of the defendants violated his rights under various state statutes and the United States Constitution. The purpose of the Declaratory Judgment Act is to allow parties to resolve claims before either side suffers great harm. *See In re Combustible Equip. Assoc.*, 838 F.2d 35, 37 (2d Cir. 1988). In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155-56. The exception to Eleventh

5

Amendment immunity, however, does not apply to claims against state officials seeking declaratory or injunctive relief for prior violations of federal law.  See *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief.") (citations omitted).

The plaintiff's request for a declaration that the defendants violated his federal constitutional and Connecticut statutory rights in September 2015 cannot be properly characterized as "prospective" because the plaintiff does not allege how such relief would remedy a future constitutional violation by the defendants. Thus, the plaintiff's request for declaratory relief does not meet the exception to the Eleventh Amendment immunity set forth in *Ex Parte Young*.

Absent any request for prospective relief to remedy ongoing violations of federal law, a declaration that the defendants violated the plaintiff's constitutional rights in the past is barred by the Eleventh Amendment.  See *Green*, 474 U.S. at 71-73 (if there is no allegation of an ongoing violation of federal law, the Eleventh Amendment prevents federal courts from providing notice relief or a declaratory judgment that state officials violated federal law in the past); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 162 (D. Conn. 2005) (dismissing claim for retrospective declaratory relief in the form of a statement that the conduct of certain defendants violated his rights because it was barred by the Eleventh

6

Amendment). The request for declaratory relief is dismissed. See 28 U.S.C. § 1915A(b)(1).

Amendment). The request for declaratory relief is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

III. Grievance System and Access to Courts

The plaintiff claims that Warden Santiago failed to respond to his inmate request in a timely manner and Officer King deliberately refused to process his grievances in a timely manner. He claims that this conduct violated his right to access to courts.

"It is well established ... that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008) (collecting cases). Thus, the alleged failure of prison officials to respond to or process inmate requests or grievances in a timely manner does not violate any constitutionally or federally protected rights of the plaintiff. *See Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("Although state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures."); *Pocevic v. Tung*, No. 3:04CV1067 (CFD), 2006 WL 680459, at *8 (D. Conn. Mar. 14, 2006)(The "court can discern no federally or constitutionally protected right that was violated by defendant['s] failure to comply with the institutional procedures regarding the timing of his response to [plaintiff's] level 2

7

grievance."). Accordingly, the plaintiff's claims regarding a lack of timely responses to inmate requests and/or grievances by defendants Santiago and King are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

To the extent that the plaintiff alleges that the conduct of defendants King and Santiago deprived him of access to courts, the plaintiff has failed to state a claim upon which relief may be granted. It is well settled that inmates have a First Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) *(modified on other grounds by Lewis v. Casey,* 518 U.S. 343, 350 (1996)). To state a claim for denial of access to the courts, plaintiff is required to demonstrate that he suffered an actual injury. *See Lewis,* 518 U.S. at 353. To establish an actual injury, plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002). For example, plaintiff would have suffered an actual injury if "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate. *Lewis,* 581 U.S. at 351.

The plaintiff has not asserted facts to show that he has been injured or prejudiced by the alleged failure of defendant Santiago to respond to his inmate

8

request in a timely manner or the alleged refusal by defendant King to process his grievances regarding the alleged use of excessive force by defendants Halloran and Sweets. He does not assert that any legal action was dismissed or delayed or that he was otherwise prejudiced by the actions of these prison employees.

Because plaintiff has failed to allege that he suffered an actual injury as a result of the conduct of defendants King or Santiago, his access to courts claim fails to meet the standard set forth in *Lewis*. The denial of access to the courts claims against defendants King and Santiago are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

IV.  Officer Jordan

The plaintiff alleges that Officer Jordan issued him a false disciplinary report for threatening another prisoner in violation of his due process rights. Inmates "have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Furthermore, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) (citation omitted). An inmate's protection against false accusations lies in the procedural due process requirements to be applied by prison officials who conduct the disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).

The plaintiff concedes that a disciplinary investigator dismissed the ticket for threats on or about September 9, 2015. The plaintiff does not allege that any defendant denied him procedural due process in connection with the disciplinary ticket issued by defendant Jordan. The claims against defendant Jordan are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

V.     Violation of State Criminal Statute

The plaintiff asserts that defendants Halloran and Officer Sweets assaulted him in the second degree in violation of Connecticut General Statutes § 53a-60. The Connecticut Supreme Court has held that a strong presumption exists that unless private enforcement is expressly stated in a statute, it does not exist. Furthermore, it is the plaintiff's burden to demonstrate that an implied private right of action has been created in the statute. *See Provencher v. Town of Enfield*, 284 Conn. 772, 777-78, 936 A.2d 625, 629 (2007). The assault statute referenced by the plaintiff does not provide for a private right of action, either expressly or implicitly. *See Cort v. Ash*, 22 U.S. 66, 80 (1975) (finding that no private cause of action existed under "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone"); *Ward v. Housatonic Area Regional Transit Dist.*, 154 F. Supp. 2d 339, 358-59 (D. Conn. 2001) (holding no private right of action implied in Connecticut criminal statute).

Furthermore, a victim of allegedly criminal conduct is not entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime. *See Leeke v. Timmerman,* 454 U.S. 83, (1981) (inmates alleging beating by prison

10

guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted.").

Thus, the allegation that prison officials may have committed a criminal offense against the plaintiff does not constitute a constitutional violation. Because the plaintiff had no right to have correctional officials prosecuted for criminal conduct and the language of Connecticut General Statutes § 53a-60 does not create a private cause of action, the allegation that defendants Sweets and Halloran assaulted him in the second degree fails to state a claim upon which relief may be granted and is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

VI.     Violation of Civil State Statute

The plaintiff asserts a claim pursuant to Connecticut General Statutes § 46a-58(a), which provides in pertinent part that "[i]t shall be a discriminatory practice . . . for any person to subject or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of this state or of the United States, on account of . . .

physical disability."  Although this is a civil statute, it is criminal in nature given that its violation constitutes a class A misdemeanor.  See Conn. Gen. Stat. § 46a-58(e).

Courts have consistently held that this statute does not give rise to a private cause of action.  See *Malick v. J.P. Morgan Chase, N.A.*, Civil Action No. 3:13-cv-00669(VLB), 2015 WL 5708557, at *7 (D. Conn. Sept. 29, 2015) (dismissing "claim brought pursuant to § 46-58. . . because that statute does not confer a private cause of action) (citing *Garcia v. Saint Mary's Hosp.*, 46 F. Supp. 2d 140, 142 (D. Conn. 1999) (section 46a-58 "does not provide for a private cause of action" and claims under this section may can only be pursued "through the CHRO's administrative procedures")); *Alungbe v. Board of Trustees of Connecticut State Univ.,* 283 F. Supp. 2d 674, 687 (D. Conn. 2003) (dismissing claims under Conn. Gen. Stat. § 46-58 because "this section provides no private right of action").  The claim pursuant to Connecticut General Statutes § 46-58 is dismissed as lacking an arguable factual or legal basis.  See 28 U.S.C. § 1915A(b)(1).

VII.    Remaining Claims

The court concludes that the plaintiff has stated plausible Eighth Amendment claims of deliberate indifference to his health and safety and the use of excessive force against Officer Sweets, Lieutenant Halloran, and Warden Santiago, a plausible Eighth Amendment claim for failure to protect from harm against Lieutenant Champion, a plausible Eighth Amendment claim of deliberate

indifference to medical needs against Nurse Jane Doe and a plausible First Amendment retaliation claim against Officer King. These claims will proceed against the defendants Halloran, Champion, Sweets, King, Santiago, and Doe in their individual capacities.

## ORDERS

The Court enters the following orders:

The claims against the defendants in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and (2). The First Amendment grievance and denial of access to courts claims, the Fourteenth Amendment due process claims and the claims under Connecticut General Statutes §§ 53a-60 and 46-58 are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). Thus, all claims against Officer Jordan have been dismissed.

The Eighth Amendment claims of deliberate indifference to his health and safety and the use of excessive force against Officer Sweets, Lieutenant Halloran and Warden Santiago, the Eighth Amendment claim for failure to protect from harm against Lieutenant Champion, the Eighth Amendment claim of deliberate indifference to medical needs against Nurse Jane Doe and the First Amendment retaliation claim against Officer King will proceed.

(2)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Warden Antonio Santiago, Lieutenant Halloran, Lieutenant Champion, Correctional Officer King and Correctional Officer Sweets and mail a

13

waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

(6)     Because the plaintiff has not identified Jane Doe Nurse by name, the Clerk is not able to serve a copy of the complaint on this defendant in her individual capacity.  Within ninety (90) days of the date of this order, the plaintiff shall file a notice indicating the first and last name of the Jane Doe defendant.   If

the plaintiff files the notice, the court will direct the Clerk to effect service of the complaint on the defendant in her individual capacity.  If the plaintiff fails to identify Jane Doe Nurse within the time specified, the claims against the Doe defendant will be dismissed.

      SO ORDERED at Hartford, Connecticut this 8 day of December, 2016.

                                        _____/s/_____
                                        VANESSA L. BRYANT
                                        UNITED STATES DISTRICT JUDGE